**ORIGINAL**

Anna Y. Park, SBN 164242 (CA)
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Gregory McClinton, SBN 15355 (CA)
300 Ala Moana Blvd. #7-127
P.O. Box 50082
Honolulu, Hawaii 96850-0051
Telephone: (808) 541-3122
Facsimile: (808) 541-3390
E-Mail: Gregory.mcclinton@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
SEP 25 2008
at __ o'clock and __ min. __ M.
SUE BEITIA, CLERK

## UNITED STATES DISTRICT COURT

### DISTRICT OF HAWAII

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> SAFEGUARD SERVICES, INC., and Does 1-5, Inclusive, <br><br> Defendant. | Case No.: CV08 00429 <br><br> **COMPLAINT-CIVIL RIGHTS EMPLOYMENT DISCRIMINATION** <br><br> **JURY TRIAL DEMAND** |

### NATURE OF THE ACTION AND JURISDICTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 et seq., (the "ADEA"), to correct unlawful employment practices on the basis of sex (female) and age (over 40), to provide

-1-

appropriate relief to Jeanette Chang ("Chang") and other similarly situated persons. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendants discriminated against Chang based on her sex (female) and age (61) by constructively discharging her from employment. EEOC further alleges that Defendants discriminated against Jeanette Chang, Cathleen Gabayan, and other similarly situated individuals based on their sex (female) and age (40 or above) by harassing and subjecting them to a hostile work environment.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) and Section 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a and section 7 of the ADEA, 29 U.S.C. § 626(b), which incorporates by reference sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 216(c) and 217.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Hawaii.

## PARTIES

3.      Plaintiff, the U.S Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act (ADEA), and is expressly authorized to bring this action under Section 706(f)(1) and (3) and Section 707 of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), § 2000e-6 and under

Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781 and by Public Law 98-532 (1984) 98 Stat. 2705.

4. At all relevant times, Defendants Safeguard Services, Inc. and Does 1 - 5 were and have continuously been corporations doing business in the City and County of Honolulu, State of Hawaii; and each has continuously employed at least 15 employees.

5. At all relevant times, each Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-1(b), (g) and (h); and of Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h).

6 Plaintiff is ignorant of the true names and capacities of Defendants sued as DOES 1 through 5, inclusive. Therefore, Plaintiff sues Defendants DOES 1 through 5, inclusive by such fictitious names. Plaintiff reserves the right to amend the complaint to name the DOE defendants individually or corporately as they become known. Plaintiff alleges that each of the defendants named as DOES was in some manner responsible for the acts and omissions alleged in this Complaint and Plaintiff will amend the Complaint to allege such responsibility when the identity of the defendant is ascertained by Plaintiff.

7. All of the acts and failures to act alleged herein were duly performed by and attributable to each Defendant, acting as a successor, alter ego, joint employer, integrated enterprise, agent, employee, or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by other Defendants as stated in this Complaint. Whenever and wherever reference is made in this Complaint to any act by a defendant or defendants, such allegations and reference shall also be deemed to mean the acts and failures to act

of each defendant acting individually, jointly, and/or severally.

8. It is further alleged on information and belief that the unnamed defendants in the Complaint are alter egos, joint employers, and/or integrated enterprises of the named Defendant.

## STATEMENT OF CLAIMS

9. More than thirty days prior to the institution of this lawsuit, Jeanette Chang ("Charging Party") filed a charge with the Commission alleging violations of Title VII and the ADEA by Defendant(s). The Commission issued a Letter of Determination finding that the Charging Party and other similarly situated individuals were discriminated and/or harassed because of their sex and/or age. Prior to instituting this lawsuit, the EEOC investigated and attempted to eliminate the unlawful employment practices herein alleged and to effect voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. Sections 2000e-5(b) and 2000e-6. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Since at least July 1, 2004, each Defendant has engaged in unlawful employment practices at its Honolulu, Hawaii location in violation of Section 703 and Section 707 of Title VII, 42 U.S.C. § 2000e-2; and in violation of Section 4 of the ADEA, 29 U.S.C. § 623 by subjecting Jeannette Chang, Cathleen Gabayan, and similarly situated individuals to a hostile work environment because of their sex (female) and their age (40 years old and above). Defendant's supervisor harassed employees such as security officers Jeannette Chang, Cathleen Gabayan, and similarly situated individuals by engaging in verbal abuse, which included but not limited to the following: "deaf old lady," "grandma;" and "females aren't worth s.---." Upon notice of such verbal harassment, Defendant(s) nevertheless failed to take effective remedial measures, which subjected Charging Party,

1  Cathleen Gabayan, and similarly situated individuals to a hostile work environment
2  based on sex and age.

3  11.   Since at least in or about July 1, 2004, Defendant has engaged in
4  unlawful employment practices at its Honolulu, Hawaii location in violation of
5  Section 4 of the ADEA, 29 U.S.C. 623. The unlawful employment practices
6  include Defendant's constructive discharge and/or termination of Jeanette Chang
7  from her employment because of her age (61).

8  12.   The effect of the practices complained in paragraphs 10 and 11 has
9  been to deprive equal employment opportunities to persons who are females and/or
10 who were age forty (40) or above at the time Defendant subjected them to a hostile
11 work environment and/or an adverse employment action.

12 13.   The unlawful employment practices complained of above were done
13 intentionally and with malice and/or with reckless indifference to the federally
14 protected rights of Jeannette Chang, Cathleen Gabayan, and similarly situated
15 individuals.

16 14.   The unlawful employment practices complained in paragraphs 10 and
17 11 were willful within the meaning of section 7(b) of the ADEA, 29 U.S.C. §
18 626(b).

19 15.   As a direct and proximate result of Defendant's acts as stated above,
20 Charging Party Jeannette Chang, Cathleen Gabayan, and similarly situated
21 individuals have each suffered emotional pain, suffering, inconvenience, loss of
22 employment of life, humiliation, and damages, according to proof.

23 16.   As a direct and proximate result of Defendant's acts as stated above,
24 Charging Party Jeannette Chang, Cathleen Gabayan, and similarly situated
25 individuals have each suffered loss of earnings in amounts according to proof.
26 //
27 //
28

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining each Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sex harassment and any other employment practices which discriminate on the basis of sex and age;

B. Order each Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and workers age forty (40) or above, and which eradicate the effects of its past and present unlawful employment practices;

C. Order each Defendant to make whole Jeanette Chang, Cathleen Gabayan, and similarly situated individuals by providing compensation for past and future pecuniary loss, including appropriate backpay and frontpay with prejudgment interest on any lost pay and benefits, in amounts to be determined at trial;

D. Order each Defendant to make whole Jeanette Chang, Cathleen Gabayan, and similarly situated individuals by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

E. Order each Defendant to pay Jeanette Chang, Cathleen Gabayan, and similarly situated individuals punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

F. Order each Defendant to pay Jeanette Chang, Cathleen Gabayan, and similarly situated individuals liquidated damages in an amount to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H.   Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                                  RONALD COOPER,
                                  General Counsel

                                  JAMES LEE,
                                  Deputy General Counsel

                                  GWENDOLYN YOUNG REAMS,
                                  Associate General Counsel

                                  U.S. EQUAL EMPLOYMENT
                                  OPPORTUNITY COMMISSION
                                  1801 "L" Street, N.W.
                                  Washington, D.C. 20507

Dated:  September 25, 2008                  _____
                                  ANNA Y. PARK
                                  Regional Attorney

                                  GREGORY MCCLINTON
                                  Senior Trial Attorney